## Keichline *versus* Keichline.

1. A deed duly proved or acknowledged, is entitled to be received in evidence although never recorded.

2. It is not necessary to prove the handwriting of the magistrate taking the acknowledgment. His certificate is primâ facie evidence of his authority and his signature.

3. A conveyance was made by a stranger to a married woman, she conveyed to another person, who mortgaged the premises and they were sold under the mortgage. In a contest between the creditors of the husband and the purchaser, there was no presumption that the conveyance to the wife was for the husband's use.

4. In a contest between the creditors of the husband and the wife, she is held to strict proof of ownership; but with purchasers for a valuable consideration, a title appearing on the face of the deed is not to be disregarded without proof of circumstances to put the purchaser from the wife upon his guard against the husband's creditors.

January 10th 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

ERROR to the District Court of *Philadelphia*.

This was an action of ejectment to January Term 1865, by William Keichline against George Keichline.

Edward Lowry, being owner of the premises, conveyed them, September 1st 1858, to Mary, wife of Peter Riffert. On the 13th of November 1860, Riffert and wife conveyed to Jonathan Bonsall, by deed regularly acknowledged and recorded February 10th 1862. Bonsall, on the 21st of May 1862, gave to Louisa Morris a mortgage on the premises to secure the payment of $1500. The premises were sold under this mortgage to the plaintiff; the sheriff's deed was made April 6th 1863. On the trial before Stroud, J., the plaintiff offered in evidence the deed from Riffert and wife to Bonsall, which was objected to by defendant as not admissible without proof of its execution; but admitted and an exception taken.

The defendant defended on the title of his landlord, Patrick McFillen, and offered in evidence judgments in the District Court against Peter Riffert: viz. Benjamin Seldomridge, March 12th 1860, for $4000; James McFillen, October 10th 1860, for $400; Patrick McFillen, December 10th 1862, for $1404.48; also, a judgment to March Term, 1862, in favor of Amos Kimble and James S. Kirk; execution issued on this judgment, levy on the premises and sale under it as the property of Peter Riffert, and conveyance to Patrick McFillen by the sheriff October 14th 1862; also, that Peter Riffert had bargained for the premises with one Barnhurst, who had conveyed them to Lowry, Mrs. Riffert's grantor; that shortly after the conveyance to Mrs. Riffert, Peter contracted for building a house on them, and paid for it and that he had paid the ground-rent up to March 12th 1862.

[Keichline *v.* Keichline.]

On objection by the plaintiff the court rejected the offer, and instructed the jury to find for the plaintiff. There was a verdict accordingly. The defendant took a writ of error, and assigned for error the admitting the plaintiff's offer and rejecting the defendant's.

*J. C. Longstreth*, for plaintiff in error.—The deed to Bonsall not having been recorded within six months, according to the Act of March 18th 1775, § 1, 1 Sm. Laws 422, was not admissible without proof of execution.

The evidence offered by defendant tended to prove that the land was the husband's. The plaintiff had notice that Mrs. Riffert was the wife of Peter Riffert; that the value of the lot had been increased by buildings, and that the deed to Bonsall had not been recorded for 15 months after its date. These were enough to put him upon inquiry whether she had bought with her separate estate; which must be clearly shown as against her husband's creditors: Aurand *v.* Shaffer, 7 Wright 363; Gault *v.* Saffin, 8 Id. 307.

*J. A. Simpson*, for defendant in error.—The failure to record the deed in six months did not invalidate it; it would only have made it void as against a subsequent bonâ fide purchaser. The contest is not between Riffert and wife and his creditors; it was not even between Bonsall and Riffert's creditors; so that, if notice of fraud had been traced to him, it would have availed nothing. But it was between a party lending money on the premises, the deed for which had been recorded, and a purchaser under a judgment recovered long after the execution of the deed, and after its recording.

The opinion of the court was delivered, January 17th 1867, by

AGNEW, J.—There is nothing in the first assignment of error. A deed proved or acknowledged in the manner provided by law is entitled to be received in evidence, though it never has been recorded. This has been the established practice ever since McDill *v.* McDill, and Hamilton *v.* Galloway, 1 Dall. 63, 93; see also Jones *v.* Porter, and Kelly *v.* Dunlap, 3 Penna. R. 132, 136. Nor is it necessary to prove the handwriting of the magistrate. His certificate is primâ facie evidence of his authority and his signature: Goddard *v.* Gloninger, 5 Watts 219. This is ancient and common practice.

We find nothing in this case conflicting with Aurand *v.* Shaffer, 7 Wright 363; Gault *v.* Saffin, 8 Wright 307; or Barringer *v.* Stiver, 13 Wright 129, nor does it require any modification of the doctrine of those cases that the property of a married woman

[Keichline *v.* Keichline.]

acquired by purchase after marriage requires to be shown clearly to have been paid for out of her separate estate. In those cases the contest was directly between the creditors, or some one representing their rights, and the wife. But here the contest is between the creditors and a purchaser at sheriff's sale under a mortgage given by a purchaser from the wife, neither of whom had any actual notice of the husband's rights. The question is, therefore, whether there is anything upon the record of the wife's purchase to put them upon notice. The deed to her was for property which had never been the husband's, but came from a stranger. Her title had passed out of her into a stranger long before the judgment against her husband under which the defendant claimed, was entered. The purchaser from her had mortgaged it to a second party, and it was finally sold under the mortgage to a third. These persons stood in the attitude of bonâ fide purchasers for value, and in order to affect them we must hold that a deed from a stranger to a wife is presumptively for the use of the husband. This would be going far beyond the doctrine of the cases cited. In a direct contest between the creditors and the wife, we hold her to strict proof, but in a contest with others who have purchased for a valuable consideration, a title appearing on the face of the deed is not to be disregarded, without proof of circumstances which ought to have put the purchaser from the wife and his alienees upon their guard against the husband's creditors.

The judgment is affirmed.