# Kinyon, Appellant, v. Leonard.

*Married woman—Real estate—Title of her vendee—Ejectment.*

A purchaser of real estate sold at sheriff's sale under a judgment against a husband, is not entitled to recover it in ejectment upon simply showing this title and that defendant claims under a deed from the husband and wife, where the real estate was conveyed to the wife by a stranger and not from or through her husband, and this conveyance to her was recited in the deed from her and her husband, as the revival of the judgment against the husband and the execution after the conveyance to the wife did not appear in the line of title and there was nothing to put a purchaser upon notice.

Argued May 3, 1892. Appeal, No. 390, Jan. T., 1892, by plaintiff, Frederick G. Kinyon, from judgment of C. P. Potter Co., Sept. T., 1891, No. 139, compulsory nonsuit. Before Paxson, C. J., Sterrett, Green, McCollum and Mitchell, JJ.

Ejectment against Frederick Leonard for land in the borough of Coudersport, Potter Co.

On the trial before Morrison, J., the plaintiff offered the following evidence : Judgment of Riggs Watrous against Anderson Harvey et al., in the C. C. U. S. for the Western district of Pennsylvania, on which a judgment of revival was entered March 15, 1875. Fi. fa. issued March 16, 1875, and April 14, 1875, levy made upon land in question. April 6, 1876 alias fi. fa. issued with same levy indorsed. May 16, 1876, notice of inquisition served on Anderson Harvey. June 9, 1876, inquisition held and property condemned. July 17, 1876, vend. ex. issued and property advertised to be sold on Sept. 7, 1876, at which date sale was adjourned until Sept. 15, 1876, when property was sold to Lorenzo Howes. Deed from U. S. marshal to Howes dated 9th month, 1876, acknowledged May 15, 1877. Deed dated October 4, 1886, Howes et ux. to plaintiff.

Plaintiff also offered in evidence deed Anderson Harvey and Alice E. his wife, to Samuel W. Copeland, dated March 11, 1876. This deed recited that the land had been sold to said Alice E. Harvey by F. W. Knox and C. S. Jones by contract dated October 3, 1874 ; and reserved " the use of the house and garden spot where the said parties of the first part now reside until the first day of September A. D. 1876." Deed, Copeland et ux. to Dwight, dated October 29, 1877. Partition proceedings in estate of Dwight awarding the property to Ovida Dwight Andrews, guardian ; and deed from her to defendant, dated December 28, 1889. The testimony of Alice E. Harvey showed that possession of part of the property conveyed to Copeland was given to him in the spring of 1876, and that in August, 1876, Copeland received possession of the house at the time of the trial occupied by the defendant.

The court below entered a compulsory nonsuit and afterwards refused to take it off.

*Error assigned* was the refusal to take off the nonsuit.

*C. S. McCormick*, with him *James B. Benson*, for appellant.

*H. C. Dornan*, of *Dornan & Peck*, and *M. F. Elliott*, with them *W. I. Lewis*, *Mann & Ormerod*, and *J. L. Knox*, for appellee.

Per Curiam, May 23, 1892 :

We are of opinion that the nonsuit was properly entered. The title to the real estate in question was in Alice E. Harvey,

and there was nothing upon the face of it to show that Anderson Harvey, her husband, had any interest therein. The judgment and execution against the husband did not appear in the line of title. As Mrs. Harvey acquired the property from a stranger, and not from or through her husband, there was nothing to put a purchaser upon notice.

Judgment affirmed.