|164  181.
|177  579

# Mary E. Smith, Appellant, *v.* Charles R. Rishel, Admr. of E. R. Greegor, deceased.

*Evidence—Competency of witness—Act of May 23, 1887—Interpleader— Interest adverse to right of deceased.*

Where a plaintiff in an execution dies after the levy is made and his administrator is substituted on the record as defendant in an interpleader, the plaintiff in the interpleader claiming title by purchase from the defendant in the execution, is an incompetent witness within clause E of section 5 of the act of May 23, 1887, P. L. 158.

In such a case the defendant in the execution is a competent witness as to the sale, as he is not a person whose interest is adverse to the right of the deceased.

Argued May 9, 1894.   Appeal, No. 430, Jan. T., 1894, by defendant, from judgment of C. P. Snyder Co., Dec. T., 1893, No. 12, on verdict for defendant.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Reversed.

Sheriff's interpleader.   Before McCLURE, P. J.

At the trial it appeared that, on Feb. 10, 1893, a fi. fa. was issued by Mrs. E. R. Greegor against B. F. Crouse under a judgment on a single bill.   On Feb. 11, 1893, a levy was made on goods sold and delivered by Crouse to Mrs. Mary E. Smith, and these goods being claimed by Mrs. Smith, a feigned issue was framed under the sheriff's interpleader act to determine the title thereto, in which Mrs. Smith, the claimant, was made plaintiff, and Charles R. Rishel, administrator of E. R. Greegor, deceased, the plaintiff in the execution, was made defendant.

At the trial of this feigned issue, counsel for plaintiff, Mrs.

Smith, the claimant, offered to prove by Mrs. Smith, the claimant, that said claimant had purchased the property in dispute from B. F. Crouse, the defendant in the execution, and had paid a full price for the same in cash to said B. F. Crouse, who had delivered the same into the exclusive possession of said claimant before the fi. fa. had issued upon which the sheriff had levied upon the said goods.

The defendant (the execution creditor) objected, upon the ground that the present action is against an administrator and the witness is incompetent, because the offer was not to prove anything that happened since the decease of E. R. Greegor. Objection sustained, evidence rejected and bill of exception signed and sealed. [1]

Plaintiff made the same offer with B. F. Crouse, the defendant in the execution, as a witness.    Objected to, objection sustained and exception. [2]

Plaintiff having offered no other testimony, the court directed the jury to return a verdict for the defendant in the feigned issue (plaintiff in the execution).

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting bills of exception; (3) instruction, as above, not quoting it.

*J. C. Bucher, A. A. Leiser* with him, for appellant.—Crouse was a competent witness at common law, because he had no interest in the question trying, and was not a party to the record. If he had any interest it was adverse to the party calling him, because if his testimony enabled the plaintiff to recover he gained no benefit or advantage whatever, but he was prevented from applying the property in dispute to the satisfaction of his own debt: Babb v. Clemson, 12 S. & R. 328; Bank v. Beck, 49 Pa. 394; Bruner v. Wallace, 8 W. N. 199; Guillou v. Healy, 1 Phila. 335; McCormack v. Hancock, 2 Pa. 310; Kisterbock v. Lanning, 19 W. N. 54; McFerron v. Iron Works, 76 Pa. 180; Pratt v. Patterson, 81 Pa. 114; Ins. & Trust Co. v. Shultz, 82 Pa. 46; Curry v. Curry, 114 Pa. 367.    The act of 1887 precludes no one who was competent prior thereto: Dickson v. McGraw, 151 Pa. 98.

The act of 1887 excludes " a party to the thing or contract

in action," when the other party is dead.   It is admitted that Mrs. Greegor is dead, but it is denied that she is a party to the thing or contract in action.   Mrs. Smith was called to prove a transaction to which Mrs. Greegor was an alien.   They had no dealings with each other whatever.

*A. W. Potter, Charles P. Ulrich* with him, for appellee.— The act of 1887 enlarges the class of persons incompetent under the act of 1869 because, to say the least, it renders the assignor incompetent, the assignee being dead, which the act of 1869 did not. ·

We distinctly recognize the fact that neither the act of 1869 nor the act of 1887 provides for any incompetency, in case of the death of any party to the thing in action, on the ground of inequality alone, in the abstract, as it was intimated they did (or rather that of 1887) in Duffield v. Hue, 129 Pa. 106, but it is the witness's interest in the thing in action which causes that inequality which is against the policy of the law.

Mrs. Greegor was a party to " a thing in action," and is deceased, and her right thereto and therein has passed, by the act of the law, to her administrator, who is a party on the record, who represents her interest in that thing in action.

Crouse stands to this property in the relation of an assignor, and Mrs. Greegor in that of an assignee.   When Mrs. Greegor issued her execution and procured her levy to be made, she acquired an interest in the property levied, by virtue of the lien of her levy, so as to make her the assignee and Crouse the assignor within the spirit, if not the letter, of the act; and her death closed the mouth of Crouse, the assignor, rendering him incompetent to defeat the right she thus acquired to the thing in action : Henry v. Com., 107 Pa. 361 ; Karns v. Tanner, 66 Pa. 297 ; Palmer v. Farrell, 129 Pa. 172 ; Whitney v. Shippen, 2 W. N. 470.

Crouse's liability to refund the price rendered him an interested witness.

In proceedings under the sheriff's interpleader act to test the title of property levied on by an administrator, the claimant is incompetent to testify to any facts occurring prior to the death of the plaintiff's intestate : Harbison v. Gilliland, 2 Pa. C. C. R. 69.

The cases cited by appellant are not similar to this one ; in Rabb v. Clemson, 12 S. & R. 328, no point was made as to any resulting liability of Rabb on any warranty of title, nor was there any question of incompetency on the score of the death of any one interested. The same is true of Allentown Bank v. Beek, 49 Pa. 394 ; Guillou v. Healy, 1 Phila. 335 ; McCormack v. Hancock, 2 Pa. 310 ; Bruner v. Wallace, 8 W. N. 199.

In Kisterbock v. Lanning, 19 W. N. 54 ; s. c., 7 Atl. R. 596, no point as to any such liability could arise, as neither Jones nor Todd had made any sale of the goods to any one.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894 :

The issue in this case was to determine the ownership of personal property levied upon by the sheriff. The plaintiff in the execution died after the levy was made, and her administrator was substituted on the record as defendant in the interpleader. The plaintiff in the interpleader claimed title by purchase from B. F. Crouse, the defendant in the execution ; and at the trial he was called as a witness to testify that he had sold the property in question to her before the levy. Her testimony was offered for the same purpose. Both witnesses were objected to as incompetent, and the objections sustained ; and a peremptory instruction was given to the jury to find for the defendant.

The objection to the competency of the plaintiff as a witness was well founded. She was a surviving or remaining party to the thing or contract in action, and a person whose interest was adverse to the right of the deceased party, and came within the excluding clause (E) of sec. 5 of the Act of May 23, 1887.

We see however no sufficient reason for the exclusion of B. F. Crouse. He was not a party to the action, nor does it appear that he was a person whose interest was adverse to the right of the deceased. It is only on the latter ground that he could be objected to.

It is urged that he was interested adversely to the defendant to maintain the title to the property which he had sold to the plaintiff, and which he had impliedly warranted. It must be remembered however that his original title was not in question, and it was to that only that there was an implied warranty under which he might be liable to the vendee. He was called

to testify that he had sold to the claimant the property levied on. Whether there had been a sale to her was the real question in controversy. If the sale was made in good faith it might fail for want of proper 'delivery; if it was made in bad faith it was invalid as intended to defraud creditors. In either event his title had passed, and in neither would any liability to the vendee rest upon him. Having delivered possession, he would not be responsible if the delivery did not meet the requirements of the law, and if there was fraud the vendee was a party to it. The contention of each party was founded upon his title and no question of its validity arose. He then had no pecuniary interest in maintaining the plaintiff's title to the goods, and his interest would seem to be with the defendant to have them sold and his debts thus paid.

We are not aware that the question before us has been raised in this court since the first legislation enlarging the competency of witnesses, but it had previously been decided in favor of admitting such testimony in Babb v. Clemson, 12 S. & R. 328, and in Allentown Bank v. Beck, 49 Pa. 394, on the ground that the witness had no disqualifying interest in the controversy.

The first assignment of error is sustained, and the judgment is reversed with a venire facias de novo.