# Martin, Appellant, *v.* Hoshauer.

*Real estate—Deeds—Mistake in description—Possession—Notice to subsequent purchasers—Evidence.*

In an action of ejectment, to determine the title to a strip of land belonging to either one of two adjoining properties, an unrecorded deed is admissible in evidence, where the defense was possession under the deed, and notice thereof to the purchaser, when he purchased.

Where there is uncertainty as to what lands are included in the description, or there is doubt as to the limits of the land sold, evidence aliunde may be resorted to, for the purpose of aiding the jury to determine what land was to be included in the grant.

Argued November 11, 1919. Appeal, No. 227, Oct. T., 1919, by plaintiff, from judgment of C. P. Lancaster County, May T., 1918, No. 30, on verdict for defendant

in the case of Henry C. Martin v. Samuel Hoshauer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Action in ejectment for property situate on northeast corner of Washington and Chestnut streets in the Borough of Ephrata. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendant, on which judgment was entered. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to direct a verdict in favor of the plaintiff.

*B. F. Davis,* and with him *W. L. Calkins* and *Benj. F. Davis, Jr.,* for appellants.—Deeds showing the defendant's chain of title were inadmissible as against the plaintiff because they were not recorded: Smith v. Young, 259 Pa. 367; Greenfield's Est., 14 Pa. 489.

The intention of the grantor must be gathered from the deed, and it was error to admit any other evidence: Meyers v. Robinson, 74 Pa. 269; Hunter v. Hunter, 37 Pa. Superior Ct. 311; Woods v. Farmere, 7 Watts 382; Plumer v. Robertson, 6 S. & R. 179; Lightner v. Mooney, 10 Watts 407.

*John E. Malone,* for appellee.—The description in the deed was uncertain and ambiguous and evidence aliunde was admissible for the purpose of aiding the jury to determine what land was conveyed: Carroll v. Miner, 1 Pa. Superior Ct. 439; Kountz v. O'Hara Street Railway Company, 48 Pa. Superior Ct. 132; Rook v. Greenewald, 22 Pa. Superior Ct. 641; Rozelle v. Lewis, 37 Pa. Superior Ct. 563; Haggerty v. Haggerty, 44 Pa. Superior Ct. 417; Cake v. Sunbury Boro., 43 Pa. Superior Ct. 95.

The defendant was in possession of the strip of land and it was the duty of the plaintiff to make inquiry concerning his rights: Jamison v. Dimock, 95 Pa. 52; Berryhill v. Kirchner, 96 Pa. 489; McCulloch v. Cowher, 5 W. & S. 427; Hottenstein v. Lerch, 104 Pa. 454; Swank v. Phillips, 113 Pa. 482.

OPINION BY LINN, J., February 28, 1920:

This was an action of ejectment to determine the title to a strip of land between 13 and 14 feet wide; an overlap of that frontage apparently resulted from a scrivener's mistake. The deeds under which defendant and his predecessor in title respectively held had not been recorded within ninety days after execution. The defense was notice of defendant's lawful possession when plaintiff purchased. There was substantially no contradiction of the evidence on this subject and the court might properly have submitted the case to the jury on that evidence alone, but doubtless in view of the obvious mistakes of description in the deeds, the court received evidence aliunde and instructed the jury to find what was intended to be conveyed. The verdict was for the defendant.

In 1906 John Zudrell owned a lot at the northwest corner of Chestnut street and Washington avenue in the Borough of Ephrata. After building a curb about it, he divided it into two parts by cutting a mark in the curb and by driving stakes through the lot on a line parallel with Washington avenue, giving the western part a front of about 112 feet on Chestnut street and the eastern or Washington avenue part a front of from 70 to 73 feet on Chestnut street. The disputed strip is the easternmost 13 feet 11 inches of the 112 feet front, i. e., whether that front should be about 112 or about 98 feet. For convenience, we shall refer to the western lot as "W" and the eastern lot as "E." Zudrell sold these two lots at public auction in the fall of 1906, making and delivering deeds therefor as follows: (1) For lot "W"

with 112 feet front on March 29, 1907, to one Bolster; this deed was not recorded until 1911. Bolster took possession of 112 feet, i. e., to the mark on the curb and the stakes. (2) For lot "E" on April 1, 1907, to Schload et al.; this deed was recorded three days later. The Schloads took possession of 70 to 73 feet as marked on the land by Zudrell, i. e., from the mark on the curb and the stakes to Washington avenue, though the deed described a frontage of 112 feet, 9 inches on Chestnut street. Lot "E" was again conveyed March 16, 1912, by the Schloads to appellant Martin, but was described as containing 87 feet on Chestnut street (instead of about 70 to 73 feet as Zudrell had staked it, or about 112 feet as described in the deed to the Schloads). The description in the deed was as follows:

"Beginning at an iron pin at the intersection of Washington avenue and Chestnut street; Thence along in the middle of said Chestnut street, North sixteen and one quarter degrees West, Eighty seven feet more or less to a stake in the middle of said Street; Thence by lot of F. T. Bolster, North sixty three degrees East, One hundred and twenty-two feet more or less, to a stake in line of land John M. Good; Thence by the same South Twenty-eight degrees East, Sixty nine feet to a point in the middle of said Washington avenue; thence along in the middle of said Washington avenue, South sixty-three degrees West, One hundred and thirty five feet to the place of Beginning. Containing thirty two and four hundredths perches of land, more or less."

The second boundary, described as 122 feet long, is parallel with the last or Washington avenue boundary; if the first or Chestnut street boundary is 87 feet long, the third or opposite boundary given as 69 feet will not close; a mistake is apparent on the face of the deed; the area stated in the deed as 32.04 perches is not the area of the lot with a front of 87 feet.

After appellant purchased, he entered upon lot "E" as theretofore occupied by the Schloads. The deed to

appellant was recorded March 19, 1912. He built a hedge along the western boundary fencing off a frontage of about 70 to 73 feet.

Lot "W" was conveyed by Bolster to appellee Hoshauer on October 5, 1916, and Hoshauer took possession of all that Bolster had possessed, 112 feet. The deed to Hoshauer was not recorded until December 19, 1917. For four years after appellant purchased lot "E," he rented lot "W" from Bolster. Bolster also testified, though appellant denied the fact, that appellant tried to purchase from him immediately adjoining lot "E," a part of lot "W"; appellee also testified (and appellant denied it) that about a week after he purchased lot "W" appellant asked him to sell to appellant a part of lot "W" immediately adjoining the hedge fence, and that he declined.

Of the three complaints requiring notice, the first arises on a number of assignments complaining, in substance, that the court declined to direct a verdict for appellant. This is based on a contention that the delay in recording the deeds, Zudrell to Bolster and Bolster to Hoshauer, rendered them void and inadmissible against appellant. The complaint is without merit; the deeds were properly received in evidence; the defense was possession under a deed and notice thereof to appellant when he purchased; neither the Act of May 19, 1893, P. L. 108, nor its application to the facts stated in Smith v. Young, 259 Pa. 367, would support their rejection, for in that case the court said "......It is expressly set forth in the case stated that at the time when plaintiff agreed to purchase, she had no actual knowledge of any prior agreement for the sale of the property......" See also Keichline v. Keichline, 54 Pa. 75; Hymen v. Gatta, 33 Pa. Superior Ct. 438; Tate v. Clement, 176 Pa. 550, and Greenwich Coal and Coke Co. v. Learn, 234 Pa. 180, at 190, and cases there cited.

The second complaint arises under a number of assignments grouped by appellant, complaining of the ad-

mission of testimony by Zudrell, by the three Schloads and by Bolster as to the original sales by Zudrell, his division of the lot into two of the dimensions already specified by marking and staking; and that the possession of all the subsequent owners was confined to the lots as so marked and staked on the ground; counsel for appellant states the objection to that evidence as being testimony "in favor of the deeds that were null and void as above set forth or against the deeds which they made themselves." We have already shown that the deeds were properly received; it was equally proper to receive the evidence that the Schloads were in possession of lot "E" with only 70 to 73 feet front and that Bolster was in possession of the remaining 112 feet immediately west of the lot occupied by the Schloads and that appellant observed or under the circumstances should have observed that possession before purchasing. Such possession was sufficient to put him on inquiry as is shown by the authorities already cited and by Jamison v. Dimock, 95 Pa. 52, at pp. 55, 56; Hottenstein v. Lerch, 104 Pa. 454, at 460, and White v. Patterson, 139 Pa. 429, at 438.

The third complaint relates to receiving evidence aliunde as to what land was intended to be conveyed by the deeds. As the ample evidence of possession of lot "W," 112 feet front, by Bolster and of lot "E" by the Schloads, 70 to 73 feet front, at the time of appellant's purchase was substantially uncontradicted, a verdict for plaintiff, if rendered, could not have been sustained, so that appellant was not prejudiced by the submission to the jury to find whether or not the deeds, in view of the mistakes in the descriptions, were intended to convey lot "E" with 70 to 73 feet front, or with the greater frontage. The authorities support hearing such evidence: Morse v. Rollins, 121 Pa. 537; Carroll v. Miner, 1 Pa. Superior Ct. 439; Trustees of Kingston v. Lehigh Valley Coal Co., 241 Pa. 469 at 480. (We have referred to the width of lot "E" in this opinion as having from 70

to 73 feet front, instead of a definite frontage, because it was referred to by both frontages in the trial, though in the history of the case appellant states it as 73 feet and the court in charging the jury states that "the land in dispute in this case is a strip of 13 feet 11 inches ......")

The judgment is affirmed.