## Baker v. Shapiro et ux.

Before Mc-Cann, P. J., and Griffith, J.

*Winner & Winner* and *Frank P. Barnhart*, for plaintiff.

*Shettig & Swope*, for defendants.

GRIFFITH, J., January 14, 1948.—This is an action of ejectment brought by a plaintiff who claims under a sheriff's deed, based upon a judgment entered against a husband, under which judgment the sheriff sold the husband's interest in a certain piece of land situate in Allegheny Township, Cambria County, title to which was in the name of the wife. Defendants claim as grantees from the purchasers at a sheriff's sale held on a foreclosure proceeding, based upon a mortgage given by the wife.

This proceeding is under rule 227 of our rules of court, which reads as follows:

"If the plaintiff's abstract of title fails to disclose a full title in the plaintiff, the defendant, upon exceptions filed and hearing thereon, shall be entitled to judgment for land described in the writ, provided that

the court may in any proper case permit amendments of the plaintiff's abstract."

Pursuant to the rule of court above quoted, defendants filed exceptions to plaintiff's abstract of title, and averred that said abstract failed to disclose a full title in plaintiff. A hearing was had upon the exceptions, and defendants asked that judgment be entered for the land described in the writ.

In chronological order, the essential facts in the case are as follows:

In February 1939 Louise Katherine Edwards purchased the land in dispute from a stranger.

February 25, 1943, an exemplification of a judgment from Allegheny County against her husband, Horace S. Edwards, only, was entered in the Prothonotary's Office of Cambria County. Along with the exemplification of the record from Allegheny County was filed the record of an examination of defendant in the judgment, Horace S. Edwards. It appears from this examination of Horace S. Edwards that he was asked about the property in Cambria County, and then asked:

"Q. Whose name is the title in?

"A. Mrs. Edwards.

"Q. Whose money paid for it?

"A. *I think* my money paid for it."

March 6, 1943, a mortgage from Louise Katherine Edwards, joined in by her husband, in favor of Carrie Patterson, was recorded in Cambria County.

In September 1943, by sheriff's sale on a vend. ex., the interest of Horace S. Edwards in the land in dispute was sold to plaintiff.

In 1945, under a proceeding to foreclose the mortgage of Carrie Patterson, the sheriff sold the land in dispute to defendants' grantor, who in 1946 conveyed to defendants.

Plaintiff's abstract of title consists of these items:

1. A reference to the sheriff's deed to plaintiff, dated September 20, 1943.

2. A reference to the vend. ex. upon which the land was sold.

3. A reference to the judgment in the Court of Common Pleas of Cambria County entered upon the exemplification of the record from Allegheny County.

4. A reference to the deed from a stranger (Ada Lentz Sheets et vir.) to Louise Katherine Edwards.

It will be noted that plaintiff acquired a deed for whatever interest the husband might have had in the land in dispute in September 1943, but during the intervening years did not proceed against the wife while she held title to the property, subject to a mortgage, and instituted the present action on August 19, 1946, after the wife's interest had been sold by the sheriff under a mortgage foreclosure and after the purchaser at such sheriff's sale had conveyed title to defendants.

Plaintiff relies upon the following notation from Hunter v. Baxter, 210 Pa. 72:

"A deed of real estate to a married woman in the absence of proof that it was made as a gift to her, or that it was paid for out of her separate estate will be presumed to have been made in the interest of her husband, and the real estate will be subject to the claims of the husband's creditors."

A reading of the case of Hunter v. Baxter, however, reveals the fact that all parties knew of the husband's interest in the property. Plaintiff also cites the case of Jack v. Kintz et al., 177 Pa. 571. Here it appears that the wife's vendee had actual knowledge of the husband's (and so his creditor's) equity in the property. Other cases cited by plaintiff are: Shaw et al. v. Newingham, 287 Pa. 304, Rhinesmith's Case, 25 Pa. Superior Ct. 300, Spering v. Laughlin et al., 113 Pa. 209, and Adams v. Bleakley, 117 Pa. 283. In all of these cases, however, the actions were brought while the wife still held title to the land, so that the issue in each

case was between the wife and the creditors of the husband.

In speaking of Jack v. Kintz, supra, the Supreme Court in Cameron, Secretary of Banking, v. Peoples' Bank of Maytown, 297 Pa. 551, said:

"In the cases on which the court below relied, the contest was between the husband's creditors and the wife herself. Here the contest is between the creditors and the wife's vendee. In Jack v. Kintz, 177 Pa. 571, it is true the property was disputed between a judgment creditor of the husband and the wife's grantee, but in compelling the vendee to meet the same burden of proof cast on the wife, we distinctly stated that it was because the vendee had actual knowledge of the husband's (and so his creditor's) equity in the property. . . .

". . . We are here faced with the clear question whether the mere fact of coverture is enough to charge a purchaser from the wife with notice of equities in favor of the husband."

The court decided that the fact of coverture was insufficient to charge a purchaser from the wife with such notice, and said further:

"In a contest between the wife and the creditors, it is feasible for her to explain the manner in which she acquired the property; hence she suffers no real injury; but the same explanation may be impossible for her vendee.

". . . The burden which fell on her by reason of coverture is not passed over to the vendee, without showing he knew, or should have known, of the equitable interest or tainted character (as to creditors) of the title purchased. . . ."

In order to bring himself in line with the facts of the case of Jack v. Kintz, supra, therefore, plaintiff in this case should have proceeded against the wife, Mrs. Edwards, during the period of more than two years after his sheriff's deed, and before her title was

divested by a foreclosure of her mortgage. Since plaintiff waited this period of time, and until the title of the wife was divested, it would be unreasonable to require the present owners to explain the manner in which the wife, Mrs. Edwards, originally acquired title to the property.

"As between creditors of the husband and a bona fide purchaser at a sale under a mortgage given by a purchaser from the wife, there has been held to be no presumption that the conveyance of the property to the wife by a stranger was for the husband's use": 41 C. J. S. 757. It will be noted that the authority relied upon in Corpus Juris Secundum for the above statement of principle is Keichline v. Keichline, 54 Pa. 75.

As a matter of fact, even though the money of the husband were used to purchase the property—and the testimony shows that he said, "*I think* my money paid for it"—nevertheless, if it were a gift from him to his wife under proper circumstances, the wife's title could not be attacked.

"The mere fact that a wife makes a purchase with her husband's money or on his credit does not make the property purchased the wife's separate estate; but, in the absence of fraud on creditors, money given by the husband to the wife may be used by her in the purchase of property, which will be hers independent of the husband's debts": 41 C. J. S. 737.

In the case of Kinyon v. Leonard, 149 Pa. 318, the court said:

"The title to the real estate in question was in Alice E. Harvey, and there was nothing upon the face of it to show that Anderson Harvey, her husband, had any interest therein. The judgment and execution against the husband did not appear in the line of title. As Mrs. Harvey acquired the property from a stranger, and not from or through her husband, there was nothing to put a purchaser upon notice."

In that case, title was in the wife, Alice E. Harvey, and the judgment against the husband alone was revived on March 15, 1875, and a fi. fa. for the sale of the husband's interest in the real estate was issued the next day. On March 11, 1876, the wife, with the joinder of her husband, conveyed to defendant's grantors. In this case, a compulsory nonsuit was entered by the court below and sustained by the Supreme Court.

Had title been acquired by Louise Katherine Edwards from her husband, Horace S. Edwards, defendants would have had notice in the chain of title of the fact that Horace S. Edwards at one time had an interest in the property; but under the state of the record in this case, there is no suggestion that either defendants or their grantors had any notice whatsoever of any adverse claim. At the time of the oral argument, counsel for plaintiff suggested that he would file a supplemental brief to support the contention made at the oral argument that when title to real estate is in the name of a married woman it is necessary for an abstracter to search for liens against the husband. However, in the meantime he has advised the court that he will not undertake to file such supplemental brief.

In the Peoples' Bank of Maytown case, supra, the court in its opinion referred to the Married Women's Property Acts of 1887 and 1893, and the fact that the Pennsylvania cases after these enactments did not relax the rigor of the former rules, but said:

". . . But, in all our cases, so far as we have been able to discover, these rules have been applied only to property that was in the apparent joint possession of both husband and wife, or where the origin of title in her was traced from or through the husband. On these facts notice of an interest in the latter may be found. . . ."

The property here in dispute was never in the apparent joint possession of both husband and wife, nor was the origin of title in the wife from or through

the husband. There is, therefore, no presumption that the deed to the wife in this case was made in the interest of her husband, and the land is not subject to the claims of the husband's creditors.

It appears from the record that it would be futile to permit plaintiff to amend his abstract of title, and in fact no such amendment has been requested; and we, therefore, enter the following

### Decree

And now, January 14, 1948, after argument and upon due consideration, being of the opinion that plaintiff's abstract of title fails to disclose a full title in plaintiff, the prothonotary is directed to enter a judgment in favor of defendants and against plaintiff for the land described in the writ, as follows:

"All that certain lot or piece of ground situate in Allegheny Township, Cambria County, Pennsylvania, bounded and described as follows, to-wit: Beginning at a post on the dividing line, as established by Ada Lentz and Louise Katherine Edwards, said post being on line of lands common to the said Ada Lentz Sheets and Louise Katherine Edwards, and on line of lands of Eckenrod Brothers; thence along said dividing line the following four (4) courses and distances: South 31° 40' West, 763 feet to a point; South 18° 19' West, 878 feet to a point; South 44° 34' West, 2090 feet to a point; thence along the line of lands of Walter Parrish, North 4° 15' East a distance of 1736 feet to a post; thence North 6° 0' East a distance of 190 feet to a post; thence South 60° 0' East a distance of 16 feet to a post; thence North 6° 0' East a distance of 215 feet to a post; thence along the line of lands of said Walter Parrish, North 84° 30' East a distance of 1297 feet to a post; thence along the line of the same, North 18° 30' East, a distance of 1808 feet to a point; thence North 22° 15' West, a distance of 215 feet to a post; thence North 26° 15' West a distance of 77 feet to a post;

thence North 6° 30′ West a distance of 187 feet to an old iron rail; thence South 66° 0′ East a distance of 1323 feet to a post at the place of beginning. Containing 81.89 acres. Together with the right to the water in a certain spring and the right to the joint use of a pipe line and the right of way running from said spring to the dividing line of the properties of Ada Lentz Sheets and Louise Katherine Edwards."