## Caldwell, Appellant, *v.* Caldwell.

*Gifts—Gift of land—Parol gift—Parent and child—Evidence.*

Parol gifts of land when fully executed by delivery of possession followed by valuable improvements are valid in this state, notwithstanding the statute of frauds and perjuries, and this is so in the case of a gift from parent to child as well as between strangers. Such gifts must be established by such proof as is credible, and of such weight and directness as to make out the facts alleged beyond doubt, and, in the case of a gift from a parent to a child, the parties must be brought face to face at the making or rehearsal of the gift.

Where the property is clearly designated, exclusive possession is taken and continued, and improvements made of such a character as to render

compensation impossible or difficult, the contract is not subject to the operation of the statute. This is particularly so where the possession has been undisturbed for many years, and where the value of the property has been greatly increased by improvements made with the knowledge of the legal holder of the title.

In an action of ejectment by the heirs of a decedent against a son of the decedent who claimed the land under a parol gift, the evidence tended to show that fifteen years before the institution of the action ·decedent bought the land, stating that he was buying it for his son, but took title in his own name, permitting the son to take possession. The latter remained in continuous and open possession during his father's life and thereafter. The son placed improvements upon the land in excess of the amount paid for it. With his father's knowledge he cut timber upon the land, and the father directed that the land should be assessed in his son's name, and the son paid the taxes. At one time the father directed the preparation of a deed to his son for the nominal consideration of one dollar, but his wife refused to sign it, and no conveyance was ever made. A large number of witnesses testified to declarations by the father to the effect that he had given the land to his son, and that it belonged to the latter. *Held*, (1) that the declarations of the father were properly admitted in evidence; (2) that a verdict and judgment for defendant should be sustained.

Argued Oct. 26, 1903.   Appeal, No. 250, Oct. T., 1901, by plaintiff, from judgment of C. P. Clearfield Co., Feb. T., 1901, No. 9, on verdict for defendant in case of Ann S. Caldwell et al. v. James M. Caldwell.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON, and HENDERSON, JJ. Affirmed.

Ejectment for land in Lumber City.   Before GORDON, P. J.

At the trial it appeared that the plaintiffs were the widow and heirs at law of William Caldwell.   The defendant was the son of William Caldwell who took title to the land in question in 1885.   Defendant claimed title under an alleged parol gift of the land from his father to himself in 1885.   William Caldwell died in 1901.

Other facts appear by the opinion of the Superior Court. Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* among others were (3) in submitting the case to the jury; (5) in admitting in evidence declarations of William Caldwell, deceased.

*Roland D. Swoope*, with him *W. C. Arnold* and *W. F. Patton*, for appellant.—The evidence was not sufficient to support a parol gift: Ackerman v. Fisher, 57 Pa. 457 ; Erie & W. V. R. R. Co. v. Knowles, 117 Pa. 77 ; Shellhammer v. Ashbaugh, 83 Pa. 24 ; Moore v. Small, 19 Pa. 461 ; Poorman v. Kilgore, 26 Pa. 365 ; Woods v. Farmare, 10 Watts, 195.

*A. H. Woodward*, with him *W. A. Hagerty* and *A. L. Cole*, for appellee.—The gift was complete and adequately proven : Syler v. Eckhart, 1 Binn. 378 ; Allison v. Burns, 107 Pa. 50.

The declaration of William Caldwell were competent: Galbraith v. Green, 13 S. & R. 85 ; Shirley v. Shirley, 59 Pa 267 ; Simons v. Vulcan Oil, etc., Co., 61 Pa. 202 ; Wolf v. Studebaker, 65 Pa. 459 ; Wiley v. Christ, 4 Watts, 196 ; Greenawalt v. McEnelley, 85 Pa. 352 ; Moore v. Small, 19 Pa. 461.

OPINION BY HENDERSON, J., January 21, 1904 :

The plaintiffs are the widow and heirs of William Caldwell, deceased, and the defenant is his son.    The plaintiffs claim under the legal title of the decedent, and the defendant claims under a parol gift.    The first four assignments of error raise the question as to the sufficiency of the defendant's evidence to warrant the submission of the case to the jury.    Parol gifts of land when fully executed by delivery of possession followed by valuable improvements are valid in this state, notwithstanding the statute of frauds and perjuries, and this is so in the case of a gift from parent to child, as well as between strangers. Such gifts must be established by clear, complete, satisfactory, and indubitable proof.    This was defined in Hart v. Carroll, 85 Pa. 408, to be such proof as is credible, and of such weight and directness as to make out the facts alleged beyond doubt, and, in the case of a gift from a parent to a child, the parties must be brought face to face at the making or rehearsal of the gift. The rule as to the character of evidence necessary to sustain a parol sale of land controls as far as applicable in the case of a parol gift.    Where the property is clearly designated, exclusive possession taken and continued, and improvements made of such a character as to render compensation impossible or difficult, the contract is not subject to the operation of the statute.    This is particularly so where the possession has been

undisturbed for many years, and where the value of the property has been greatly increased by improvements made with the knowledge of the legal holder of the title. As was said in Sower's Admr. v. Weaver, 84 Pa. 262: "Time is always a powerful factor in cases of this kind. Equity is loth to undue a gift or contract at the instance of one who has neglected to move for its rescission until the passing years have grafted new equities upon the transaction, until the donee has grown old and has spent the vigor of his age and the prime of his manhood in the use and improvement of a property long regarded as his own."

The evidence shows that for some time prior to May, 1885, James Ferguson was the owner of a farm containing forty acres, the land in dispute. The defendant's father proposed to Ferguson to buy the place for the defendant. Soon afterward the defendant made a verbal bargain with Ferguson to buy the farm, and paid him $25.00 on the purchase money. Shortly afterward he and Ferguson went to the county seat and paid off some judgments which were liens against the land with money provided by William Caldwell, which money was to apply on the price of the land. Soon thereafter Ferguson, William Caldwell and the defendant went to the county seat, where the balance of the purchase money was paid by William Caldwell, and a deed executed by Ferguson to him. That day Ferguson had a conversation with William Caldwell in the presence of the defendant, in which William Caldwell said "that he was buying the place for James; that he was a good boy to him, and was going to buy the place and give it to him." The deed was delivered May 13, 1885. Immediately thereafter the defendant entered into possession of the place, and has continued in possession ever since. After the defendant entered into possession, he built a house, a spring house, planted an orchard, and made other improvements and repairs. The consideration for the farm was $1,200, and the evidence shows that improvements to the amount of from $1,200 to $1,600 were put on the place by the defendant after he went into possession. William Caldwell was frequently at the defendant's home during the remainder of his life, and, on one occasion when a relative living at a distance called his attention by letter to the fact that the defendant was cutting timber on the farm, he read the letter to

the defendant and said to him, "It is your timber; I have nothing to do with it; do as you please with it." In 1896 William Caldwell went to the office of D. S. Moore, a justice of the peace, and directed him to prepare a deed for the land to his son James for a consideration of $1.00. The deed was accordingly prepared by Mr. Moore and read over to Caldwell, who said that he would bring his wife down some day and they would sign it. A little later when Moore met him he said that his wife was sick and could not come, and later still he said his wife would not sign the deed. It remained therefore unexecuted in the hands of the justice. The assessment roll in the commissioner's office shows that the land was assessed to James Caldwell in the year 1886, and continued so to be up to the time of the bringing of this suit. John R. McClure testified that he was the assessor of the township where William Caldwell lived in 1894; that he had a conversation with him: "We were talking about the assessment and valuation of property, and he says I have a pretty large tax to pay, and he says do not assess that Ferguson property to me, he says that belongs to James M. Caldwell." Samuel Ardary testified that soon after the place was bought he met William Caldwell and had a conversation with him about the farm, in which Caldwell told him that he had bought a farm for James, and that he calculated to make James a deed out for it. He also testified that he cut timber on the place, and that William Caldwell came there while he was cutting and spoke to him about the timber he was cutting out for James, and said, "You are making the timber very good for James." He said to this witness as a reason for buying the place for his son that "Jim was the best boy he ever raised." Dorsey Williams testified that he had a conversation with William Caldwell in the spring of 1890: "I asked him if Jim owned that farm over there, and he says he did; he says I bought him that farm and gave it to him, and I intend to make a deed out for him; he says he had always been good to him, and he thought he deserved the farm." The farm referred to according to the testimony of the witness was "the Jim Ferguson farm." Henry Heitzenrather testified that he worked for William Caldwell in 1897, and that Caldwell told him that "he had bought Jim that farm and gave it to him. He said he was al-

ways a good boy, him or his boys either one would do anything he wanted them to." At another time he told the witness he bought that farm for him (Jim), and had given it to him. Lawrence Caldwell, a son of the defendant, testified that William Caldwell told him in 1891 that he had bought the place for his father, and in another conversation, when some timber was being cut from the farm, that it belonged to the father of the witness. Jesse Caldwell testified that William Caldwell told him he had bought the place for Jim. Edward Caldwell, son of the defendant, testified that " he was at work at William Caldwell's farm in 1894; that the latter was up on the hill on his farm where he could see across to the defendant's farm; that when he came back he said to the witness, ' I was looking over at your father's; I gave your father that farm over there." On cross-examination the witness speaking of William Caldwell said, " He says I gave him that farm over there; he says he always has been a good boy and always worked for me. He always done everything I asked him to." Charles W. Caldwell, another son of the defendant, testified that William Caldwell told him that he had given the defendant the forty acres with the buildings on. In 1885 he told the witness that he had bought the farm to give to the defendant. The deed prepared by Esq. Moore is significant as bearing upon the question of gift. While it was not executed by William Caldwell for the reason referred to, it is nevertheless corroborative of other evidence of the defendant.

No question of identification of the land or price or terms of payment arise in the case. A gift is a contract executed by acceptance, and acceptance will be presumed where the gift is wholly beneficial to the donee. Nor is there any dispute that possession was taken immediately after the delivery of the deed by Ferguson, and that that possession was open, notorious, continuous and exclusive. We think the defendant has brought himself within the exception to the application of the statute in view of the lapse of time, the fact that the decedent made no claim upon the land in his lifetime, and that the defendant made improvements exceeding in value the amount paid for the farm. It is further to be considered that the mouth of the defendant is closed. A case is here presented to which the language of Judge GORDON in Sower's Admr. v. Weaver, supra,

may be appropriately applied. "What we have to consider is not whether the defendant had made out such a case as would entitle him to a decree of specific performance, for it seems to be pretty well settled in this state at least that equity will not enforce a contract the consideration of which is only natural love and affection, but whether he has shown enough to prevent the disturbance of his possession by the plaintiff's legal title."

The fifth assignment of error is not sustained. In connection with the other evidence in the case, evidence of the declarations of William Caldwell were admissible: Shirley v. Shirley, 59 Pa. 267; Wolf v. Studebaker, 65 Pa. 459.

From all of the evidence, we cannot say that the court was in error in submitting the case to the jury, or in directing a verdict for the defendant on the point reserved.

The judgment is affirmed.