# Hunter *v.* Baxter.

*Deed—Husband and wife—Evidence—Presumption.*

A deed of real estate to a married woman in the absence of proof that it was made as a gift to her, or that it was paid for out of her separate estate will be presumed to have been made in the interest of her husband, and the real estate will be subject to the claims of her husband's creditors.

Argued Oct. 25, 1904.    Appeal, No. 126, Oct. T., 1904, by Margie Gaertner, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1903, No. 766, on bill in equity in case of David Hunter v. A. B. Baxter et al.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for specific performance.

BROWN, J., filed the following opinion:

Upon August 12, 1903, David Hunter filed a bill of equity against A. B. Baxter for the specific performance of a contract, for the sale and conveyance, by the former to the latter, of a lot of ground in the twentieth ward of the city of Pittsburg.    The defendant in his answer admits the contract and declares his willingness to carry it out, but alleges by way of defense that plaintiff's title is not a marketable one in fee simple, as called for by the contract—in this, that there is an outstanding title in Frederick Gaertner and Margie Gaertner, his wife.

In order that this outstanding title might be determined in this proceeding, the defendant on September 23, 1903, filed a cross bill against the Gaertners and said plaintiff in the original bill.

To the cross bill the plaintiff in the original bill filed a demurrer and the Gaertners an answer; and thereafter on November 23, 1903, at the written direction of counsel for plaintiff and defendant, the cause was ordered down on the argument list and heard on bill, answer and the other pleadings.

The answer to the cross bill is exceedingly lengthy, much of it a repetition of the subject-matter of prior bills in equity that

had been adjusted by decrees and settlements referred to in
the pleadings; and all of the matters set out in the answer to
the cross bill are matters that might have been and should have
been raised by the Gaertners—for they have asserted no reason
why they were not raised by them by intervenor or otherwise—
in the proceedings at No. 230, May Term, 1901, brought by
W. L. Sloan for use of David Hunter against William S. Rob-
inson, with notice to N. J. P. Yost, terre-tenant—being a fore-
closure of the $22,000 purchase money mortgage given by
William L. Robinson to W. L. Sloan, dated July 28, 1900,
and recorded in the recorder's office in mortgage book 1106,
page 26; upon which judgment was obtained April 6, 1901,
and subsequently thereon upon lev. fa. 66, May Term, 1901,
property sold to David Hunter, to whom sheriff's deed was ex-
ecuted and delivered.

The alleged property interest of Mrs Gaertner arose after
the execution of said $22,000 mortgage and long prior to the
foreclosure at No. 230, May Term, 1901, and was divested by
the sale under said mortgage.

Presumptively any interest she had in the property was the
interest of her husband and subject to seizure and sale by his
creditors (Jack v. Kintz et al., 177 Pa. 571)—for she has not
alleged that she had any separate estate as a basis of ownership
in her own right.

The Gaertners are barred from asserting any title or interest
in the realty in controversy, because (*a*) presumptively their
interest, whatever it was, was solely that of the husband (Jack
v. Kintz et al., 177 Pa. 571); (*b*) without allegation to the
contrary the defense made by them was the subject-matter in
part of the bills in equity filed by Frederick Gaertner against
W. L. Sloan, and the sole defense might have and should have
been set up in said proceedings foreclosing the $22,000 mort-
gage.    True, they were not parties to that foreclosure, but in
the light of their allegation that said foreclosure was in bad
faith and for the purpose of defrauding them, they must have
had knowledge of the suit in time to intervene and defend—
presumptively must have had knowledge of it, for they do not
allege the contrary; (*c*) the charges of fraud, so far as affect-
ing David Hunter, are not specific in form, are vague and in-
definite, and wholly insufficient, and the remedy upon the

charges of fraud against other persons who are not parties to the bill—as to said other parties—is not through the present bill.

From these conclusions it follows :

(*a*) That the Gaertners have no right or interest in the real estate in controversy or in its proceeds, so far as affecting David Hunter and A. B. Baxter.

(*b*) That the sole legal title in fee simple is in David Hunter, and that a deed of conveyance from him to said A. B. Baxter, in accordance with the terms of the written agreement between them, dated July 1, 1903, will vest a good, marketable and indefeasible title in fee simple clear of all incumbrances.

In accordance with this opinion let a decree nisi be drawn and entered for specific performance of the contract.

*Error assigned* was the decree of the court.

*W. A. Hudson*, with him *James Fitzsimmons* and *Joseph Howley*, for appellant.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellee.

PER CURIAM, November 4, 1904 :
The judgment is affirmed on the opinion of the court below.

---

## Macfarren, Appellant, *v.* Gallinger.

*Principal and agent—Contract—Termination of agency.*

A contract of agency is revocable at any time for good cause.

Where a contract of agency stipulates that the agent shall " deposit daily all money received," a continuous violation of this stipulation by the agent, affords the principal just ground for terminating the agency

Argued Oct. 26, 1904. Appeal, No. 54, Oct. T., 1904, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1901, No. 158, dismissing bill in equity in case of S. J. Macfarren and A. G. Hamm, trading as The Realty Company v.