# Hyde-Murphy Company, Appellant, v. Boyer.

*Gift—Real estate—Parol gift of land—Parent and child—Statute of frauds.*

In a proceeding under the Act of April 20, 1905, P. L. 239, to recover possession of real estate purchased at a sheriff's sale as the property of the claimant's father, where it appears that the claimant's father was the owner of the ground in dispute in 1891, that the claimant while living with his parents was permitted to occupy a small frame building on the land as an office for the practice of dentistry, and the evidence tends to show that in 1895 when claimant was about to be married, his father made him a parol gift of the ground and the small frame building on it as a wedding gift, that the father and son staked off the ground together, that in the same year the claimant contracted for the enlargement and alteration of the building, and after his marriage occupied it as a dwelling and office up to the time

of suit, that the plaintiff in the execution did not begin the business relations with the father, from which arose his alleged right of recovery, till six years after claimant entered into possession of the land in question and there is evidence that the plaintiff in the execution then had express notice that the property did not belong to the father, the evidence is sufficient to warrant a finding by the jury that there was a parol gift to the claimant.

Argued May 4, 1910. Appeal, No. 67, Jan. T., 1910, by plaintiff, from judgment of C. P. Elk Co., Jan. T., 1909, No. 116, on verdict for defendant in case of Hyde-Murphy Company v. C. W. Boyer. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition to obtain possession of real estate under act of April 20, 1905. Before HALL, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for claimant, C. W. Boyer. The plaintiff and assured appealed.

*Errors assigned* were (1–26) rulings on evidence, charge of the court, answer to plaintiff's points, and refusal to enter judgment for defendant n. o. v.

*Fred H. Ely*, with him *D. J. Driscoll*, for appellant.— The defendant failed to show that he had taken exclusive possession under the parol gift: Wright v. Nulton, 219 Pa. 253; Derr v. Ackerman, 182 Pa. 591; Dill v. Westbrook, 226 Pa. 217; Ackerman v. Fisher, 57 Pa. 457; Christy v. Barnhart, 14 Pa. 260.

Evidence of the rental value of the property should have been permitted: Overmeyer v. Koerner, 81* Pa. 517; Eckert v. Eckert, 3 P. & W. 332; McKowen v. McDonald, 43 Pa. 441; Ballard v. Ward, 89 Pa. 358; Wack v. Sorber, 2 Whart. 387.

The land was not sufficiently described and set apart by the parties to take the contract out of the statute of frauds: Poorman v. Kilgore, 26 Pa. 365; Harris v. Richey, 56 Pa. 395; Erie, etc., R. R. Co. v. Knowles, 117 Pa. 77.

The declarations of the father to third parties as to gift to son were not admissible: Ackerman v. Fisher, 57 Pa. 457; Wright v. Nulton, 219 Pa. 253; Burgess v. Burgess, 109 Pa. 312.

*E. H. Baird*, for appellee.—The possession taken by the son was sufficient: Aurand v. Wilt, 9 Pa. 54; Moss v. Culver, 64 Pa. 414; Jones v. Peterman, 3 S. & R. 543.

The declarations of the father were admissible as corroborative proof: Clarke v. Vankirk, 14 S. & R. 354; Caldwell v. Caldwell, 24 Pa. Superior Ct. 230; Wolf v. Studebaker, 65 Pa. 459.

OPINION BY MR. JUSTICE POTTER, July 1, 1910:

The question presented by this record is whether the evidence offered by defendant was sufficient to establish a parol gift of a certain lot of ground. It appears that in 1891, George W. Boyer, father of the defendant, became the owner of what was known as the Franklin House property in the borough of St. Marys. It contained a little more than half an acre of ground. A small frame building stood in one corner, which the defendant, C. W. Boyer, while living with his parents, was permitted to occupy as an office for the practice of dentistry. The evidence tends to show that in 1895, when defendant was about to be married, his father made to him a parol gift of the ground and the small frame building upon it, as a wedding gift. In the same year defendant contracted for the enlargement and alteration of the building, so as to fit it for use as a dwelling and an office; and after his marriage he occupied it as such, and has continued such use and possession ever since. In 1901, some six years after defendant took possession of the dwelling, the Franklin House, which was the hotel property adjoining, was partly destroyed by fire. The plaintiff company contracted with the father of defendant, to rebuild the hotel; but there was evidence that before beginning the work, the representative of plaintiff was notified that

the dwelling house property in question belonged to defendant, and could not be regarded as part of the property to which the contractor might have recourse for security. After the work was done, judgments were entered by confession against the father, George W. Boyer, in favor of plaintiff. Executions were eventually issued, under which not merely the hotel property, but the ground and dwelling house occupied by defendant, were sold at sheriff's sale, and bought by the plaintiff. This proceeding was then begun by plaintiff to obtain possession.

This is not an attempt to set up a parol contract against the father by the son. Nor is the contract dependent upon an inference merely from the declaration of one of the parties. There was evidence here, as required by the doctrine of the case of Ackerman v. Fisher, 57 Pa. 457, to show that in the matter of the gift, the parties were brought together face to face, and that the bargain which was made between them in that respect, was repeatedly acknowledged by each to the other. The father testified squarely that he made a present of the lot to his son, the defendant, years before the plaintiff company had anything to do with the rebuilding of the hotel. That after he gave the lot to his son, he negotiated for him a mortgage loan from a building and loan association, to pay for changing the building from an office room to a dwelling; that the son reimbursed him for the payments made on the mortgage, and for taxes, insurance and water rent on the property. This evidence upon behalf of defendant is not contradicted. Nor is the testimony of both father and son denied, that in March, 1894, before the son began the erection of the dwelling house, the two of them staked off the boundaries of the lot. We agree with the trial judge that a fair construction of the evidence shows that the son was not in possession of the property as a tenant prior to the gift, in any such sense as would bring the transaction within the meaning of the rule that forbids a parol sale to a tenant in possession.

When, according to the testimony, the gift was made by the father to the son in 1895, the son could not properly be said to have ceased to pay rent, for the reason that he had not at any previous time been required to pay it. The evidence upon the part of defendant shows that he did enter openly into possession and made valuable improvements, after the gift. The expenditure of money and labor in thus improving the property may fairly be regarded as taking the place of a pecuniary consideration. Certainly, in the face of the testimony, the father could not for himself recover possession of the premises in dispute; and the plaintiff company simply stands in his shoes, and has no higher claim. It must be remembered too that the plaintiff had express notice, before it began the work upon the hotel property, that this dwelling house property did not belong to the party with whom it was contracting. It cannot therefore claim to have been misled in any way.

Under the charge of the court, the jury must have found as a fact not only that there was constructive notice of defendant's title by reason of his possession and the improvements he contracted for in his own name, and paid for; but in addition thereto, that the plaintiff had actual notice of his ownership before it extended credit to defendant's father in connection with the hotel property. If the fact of the parol gift was established, then the question of rental value of the property thereafter, does not arise, and there was no error in the refusal of the trial court to permit proof thereof.

By the affirmance of the first point for charge presented by counsel for plaintiff, the jury were instructed that "In order to take such a parol gift or contract from father to his son as claimed in this case, out of the statute of frauds and perjuries, its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of land. It must establish the fact that possession was taken in pursuance of the contract and at or imme-

diately after the time it was made, the fact that change of possession was notorious and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the donee or vendee, which could not be compensated in damages, and such as would make rescission inequitable and unjust." The verdict must be accepted as establishing the existence of all these requirements. The rights of the plaintiff were further guarded by the instruction requested and given in the second point, in which the jury were told that "As between father and son the evidence of a gift or sale must be direct, positive, express and unambiguous, and its terms must be clearly defined and all acts necessary to its validity must have special reference to it and nothing else."

We think this case upon its facts is clearly to be distinguished from Wright v. Nulton, 219 Pa. 253. There the boundaries were not defined: here there is evidence that they were. There the defendants were living upon the property before the gift, and there was no visible change in possession: here there was evidence of possession taken under the contract, and valuable improvements made thereafter. There the possession was not exclusive: here it was. With no disposition to narrow in any way the rule there followed, which has been settled by a long line of cases as to the essentials required to take a parol contract for the sale of lands out of the operation of the statute of frauds, we feel that there was evidence in this case sufficient to support the verdict of the jury.

The assignments of error are all overruled, and the judgment is affirmed.