## Holmes et al. *v.* Lamer, Appellant.

*Ejectment—Gifts—Gift of land—Parol gift—Parent and child —Evidence.*

In an action of ejectment, by the heirs of a decedent, who claimed the land under a parol gift of the decedent's mother against her grantee by deed of a subsequent date, the evidence showed that in 1909 the decedent's mother set apart about thirty acres of land and gave them to her son who entered into possession, cleared several acres, built a small house and outbuildings from lumber cut off the premises and dug a well, although his mother continued to farm about six acres of the tract, and sold part of the lumber during his occupancy. The decedent died in 1912 and his widow and children, the plaintiffs, removed from the place. Subsequently the mother rented the place to a tenant and by deed of April 19, 1918, conveyed the property in question to him. No evidence was produced that the defendant had actual notice of the alleged parol gift, nor was there constructive notice from the exclusive and continued possession by the deceased son.

*Held,* that there was no evidence giving the defendant actual or constructive notice of the alleged parol gift, prior to his purchase

of the land, and that binding instructions should have been given in his favor.

Argued April 13, 1921. Appeal, No. 106, April T., 1921, by defendant, from judgment of C. P. Indiana County, June T., 1919, No. 355, on verdict for plaintiff in case of Florence Holmes and Margaret Holmes by their next friend, William Best, v. Elmer Lamer, appellant. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Ejectment for parcel of land of twelve acres in Cherry Hill Township, Indiana County. Before LANGHAM, P. J.

At the trial it appeared that the plaintiffs were the children of Frank Holmes. The defendant was Elmer Lamer who took title to the land in question by deed dated April 19, 1918. The plaintiffs claimed title under an alleged parol gift of the land to their father from his mother in 1909. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the court, answers to points, and refusal of defendant's motion for judgment non obstante veredicto.

*W. N. Mahan,* and with him *S. J. Telford* and *S. M. Jack,* for appellant.—The parol gift of land claimed by the plaintiffs was not sufficiently supported by the evidence. To take a case out of the operation of the statute of frauds, an alleged parol gift of lands must be shown by full, complete and indubitable proof: Dunning v. Reese, 7 Kulp 201; Matthews v. Matthews, 11 Pa. Superior Ct. 381; Hertzog v. Borgel, 7 Pa. Superior Ct. p. 257; Haslet v. Haslet, 6 Watts, p. 464; Baxter v. Doane, 208 Pa. 585; Bowers v. Bowers, 95 Pa. 477.

*E. Walter Smith,* and with him *William Banks,* for appellee, cited: Wickersham v. Irwin, 14 Pa. 108; Schroyer v. Smith, 204 Pa. 310; Sower's Admr. v. Weaver, 84 Pa. 262; Caldwell v. Caldwell 24 Pa. Superior Ct. 230.

OPINION BY KELLER, J., July 14, 1921:

This is an action of ejectment to recover possession of twelve acres of land improved with buildings. Plaintiffs claim under an alleged parol gift in 1909 to their father, Frank Holmes, from his mother, Mary Holmes. Defendant holds the land under a deed from said Mary Holmes, dated April 19, 1918.

The evidence seems sufficient to justify a finding by the jury that Mary Holmes in 1909 set apart thirty acres of land, (including the twelve acres in suit), and gave them, reserving the timber, to her son, Frank Holmes, who entered into possession, cleared several acres, built a small house and outbuildings from lumber cut off the premises and dug a well, though his mother continued to farm about six acres of the tract and sold part of the timber during his occupancy. Had he lived and continued in possession this dispute would probably not have arisen. He died, however, in 1912, and his widow (since dead) and two children, the plaintiffs, moved off the place and went to live with her relatives. The place was vacant for a year and was then rented by Mary Holmes to a tenant named Vanderhoof. She built a stable, collected the rents and exercised full ownership over the premises, and her right to do so was not questioned by her son's widow and heirs during her lifetime. Vanderhoof stayed on the tract as her tenant over two years. Mary Holmes then dismissed him and after making some arrangements with the defendant put him into possession and subsequently for a valuable consideration paid by him, conveyed him the twelve-acre tract with the buildings, which he has since enlarged and improved.

Mary Holmes died in June, 1918, and this action was brought about a year later.

Whatever may have been the rights of Frank Holmes or his heirs as against his mother, Mary Holmes, in order to recover from the defendant, a purchaser for value, the plaintiffs were obliged to prove that he had notice, actual or constructive, of the alleged parol gift prior to the conveyance to him. It was on this branch of the case that they failed in their proof.

No evidence was produced that the defendant had actual notice of the alleged parol gift and the court properly so charged the jury. The jury were also instructed, and correctly so in our opinion under all the circumstances, that the possession of Frank Holmes at the time of his death in 1912 was not notice to the defendant of any title or claim of Frank's heirs to the land at the time Mary Holmes sold it to defendant and not sufficient to put him on inquiry. The only testimony offered on the subject of constructive notice was that defendant lived in the neighborhood,—from one to three and a half miles away,—and was a grandson of Mary Holmes; and some vague statements by an aunt of defendant that she had talked with him about Mary Holmes' will made in 1910, by which she devised the thirty-acre tract to Frank Holmes for life, with remainder to his children; but this appears to have been after Mrs. Holmes' death and consequently after her conveyance to defendant, for it happened "after this dispute was raised" and all he said was that "he didn't think the will would hold."

There was no evidence submitted of actual notice of the parol gift before the conveyance to defendant, as in Greenwich Coal and Coke Co. v. Learn, 234 Pa. 180, nor of constructive notice from the exclusive and continued possession of the grantee, as was present in that case, and in Caldwell v. Caldwell, 24 Pa. Superior Ct. 230, and similar cases. In fact the case was barren of any evidence fixing the defendant with notice, actual or con-

45, (1921).]          Opinion of the Court.

structive, of the alleged parol gift prior to his purchase of the land and for that reason binding instructions should have been given in his favor. The fourteenth and sixteenth assignments of error are sustained.

This disposition of the case renders it unnecessary for us to pass on the remaining assignments.

The judgment is reversed and the record is remitted to the court below with directions to enter judgment for the defendant non obstate veredicto.