## Rader v. Keiper.

*Statute of frauds — Possession of land — Parol gift — Notice—Duty to inquire—Ejectment.*

1. Where a person in possession of land claims an equitable title therein by a parol gift, one who is about to purchase the land from another is bound to make inquiry as to the right of the person in possession, and is visited with notice of such facts as would have come to his knowledge in the discharge of that duty.

2. While, in the case of a father's parol gift of land to a son, perfected by delivery, want of consideration is immaterial, yet clearer and stronger evidence is required of a father's intention to part with his ownership of the property than is required in cases of parol contract between strangers in blood.

3. The possession necessary to take a parol contract for the purchase of land out of the statute must be taken and maintained under and in pursuance of the contract and must be exclusive and also adverse.

4. Mere adverse possession continued for a period of twelve years is not sufficient to take the case out of the statute.

5. The making of improvements on the land by a parol donee will not take the case out of the statute, unless such improvements added to the permanent value of the land, and, by reason of such expenditures for improvements, the donee would be prejudiced by the rescinding of the contract.

6. The mere repairing and improving of buildings on the land is not sufficient, where it appears that the claimant occupied the land for twelve years and enjoyed the profits derived therefrom without other expenditures.

7. In such case, the person in possession claiming the land must show, in an ejectment against him, that he cannot be compensated in damages.

*Statute of frauds—Will—Memorandum in writing—Estate by entireties.*

8. While a will by a father devising real estate to a son for a consideration may operate as a memorandum in writing sufficient to comply with the statute of frauds, a will of such kind to a son and the son's wife creating an estate by entireties, will not be effective as a memorandum under the statute.

9. A devise by will to a son and his wife contradicts an alleged prior parol gift to the son alone.

*Ejectment—Pleadings—Evidence.*

10. The Act of May 8, 1901, P. L. 142, limits the evidence to be received at the trial to the matters appearing in the pleadings.

Rule for judgment on the pleadings. C. P. Carbon Co., Oct. T., 1924, No. 42.

*R. F. Smith* and *Freyman, Thomas & Branch*, for plaintiff.

*Charles F. Wharen*, for defendant.

BARBER, P. J., March 24, 1925.—This is an action of ejectment and is before us on a rule to show cause why judgment should not be entered on the pleadings.

The common source of title to the land in dispute is James Keiper. Plaintiff's declaration shows a legal title in him for the land by deed from James Keiper and wife, dated June 8, 1923, duly recorded.

Rader *v.* Keiper.

In his answer, defendant avers "that the said James Keiper, to wit, on and about the second day of April, 1912, gave the said tract of land to the defendant, Rufus Keiper, by parol." Defendant contends the equitable title thus acquired by the parol gift is superior to plaintiff's legal title of later date and that the equities are such as to move the conscience of the chancellor at least to submit to a jury his claim. For present purposes, the averments of the answer must be taken as true. Defendant alleges notice to plaintiff of the facts set forth in the answer, but even without this, defendant's possession was notice of his equitable title, not only to the donor, James Keiper, but also to the plaintiff, his vendee, whose duty it was to make such inquiry as to right of possession and who is visited with notice of such facts as would have come to his knowledge in the discharge of that duty: Woods *v.* Farmere, 7 Watts, 382; Jamison *v.* Dimock, 95 Pa. 52, 55.

The rules governing a parol gift of land, as well as the evidence necessary to sustain such gifts, have so frequently been enunciated and are so well established that citation hardly seems necessary. The case of Breniman *v.* Breniman, 281 Pa. 304, is the latest and cites many of the leading cases.

The Act of May 8, 1901, P. L. 142, requires of the plaintiff "a concise statement of his cause of action with an abstract of the title under which he claims the land," and of the defendant, that he "file an answer in the nature of a special plea, in which he shall set forth his grounds of defence with an abstract of title by which he claims." When plaintiff's statement and defendant's plea are filed, the case is at issue, "nor shall any evidence be received on the trial of said action of any matter not appearing in the pleadings." This statutory limitation will be strictly enforced: Lutes *v.* Randall, 267 Pa. 285; Klick *v.* Gernert, 220 Pa. 503.

While the rules relating to affidavits of defence under the Practice Act of May 14, 1915, P. L. 483, are not applicable, and the answer need not refer to the evidence to be produced, yet, in setting forth the grounds of defence, such facts should be alleged as would, if properly proven, take the case out of the statute of frauds and entitle defendant to retain the property.

The answer avers James Keiper gave the land to defendant, Rufus Keiper, by parol. We have here the bald statement of gift, on a date named, of land by parol. While in the case of a valid gift perfected by delivery want of consideration is immaterial, Smith's Estate, 144 Pa. 428, 435, even a father does not, as a rule, divest himself of his property without some terms or conditions. As was said in Ackerman *v.* Fisher, 57 Pa. 457: "In such a case it has more than once been said that clearer and stronger evidence is required of a father's intention to part with his dominion over and ownership of the property than is required in cases of parol contract between strangers in blood." Cited in Wright *v.* Nulton, 219 Pa. 258. It is not stated where the gift was made or that the parties were together at the time.

In the case of a parol gift of land "from a parent to a child, the parties must be brought face to face at the making or rehearsal of the gift:" Caldwell *v.* Caldwell, 24 Pa. Superior Ct. 230; Ackerman *v.* Fisher, 57 Pa. 457, cited in Dill *v.* Westbrook, 226 Pa. 225.

The deed from James Keiper and wife, the common source of title to plaintiff [and defendant], itself negatives a prior parol gift and requires a clear equity to set aside and overcome the title thereby conveyed.

"Every parol contract for the conveyance of land is within the statute of frauds and perjuries, except where there has been such part performance as cannot reasonably be compensated in damages and where it would be unjust to rescind the same:" Moore *v.* Small, 19 Pa. 461.

Rader v. Keiper.

What are the equities set out in the answer to take the case out of the statute?

(a) "That the defendant, at the request of said James Keiper, went into possession of said tract and has continued in possession since." Whether this possession was joint or exclusive is not stated.

"The possession necessary to take a parol contract for the purchase of land out of the statute must be taken and maintained under and in pursuance of the contract and must be *exclusive* in the vendee:" Wright v. Nulton, 219 Pa. 253.

Nor is there any averment indicating an adverse possession, also one of the essentials. Mere adverse possession continued for a period of twelve years is not sufficient to take the case out of the statute.

(b) The defendant "made improvements on the said land, repairing and improving the dwelling-house and outbuildings, clearing the land, planting trees, to great expense to the defendant, the value of which cannot now be accurately computed."

The making of improvements of itself is not sufficient.

"To take a parol gift of land out of the statute of frauds, it is necessary that it should appear that the donee had made improvements which added to the permanent value of the land, and that, by reason of his expenditures upon such improvements, he would be prejudiced by the rescinding of the contract:" Wack v. Sorber, 2 Wharton, 387.

"There must be proof of expenditure for improvements not reimbursed by profits derived from the occupation of the land and not capable of compensation in damages recoverable in an action for the breach of the contract to take the case out of the operation of the statute:" Hart v. Carroll, 85 Pa. 508, cited in Lord's Appeal, 105 Pa. 459.

In his specifications of improvements he sets out "repairing and improving the dwelling-house and outbuildings, clearing the land, planting trees."

Repairing and improving a dwelling - house or outbuildings are such improvements as any tenant for a term of years might make which a landlord is not required to make and do not in any wise add to the permanent value of the land. So far as appears in the answer, defendant has been occupying the land during twelve years, enjoyed the profits derived from the occupation without any expenditures excepting as specified for improvements to the building.

Assuming that all that is averred as to possession and improvements can be established by the kind of evidence required, defendant must go farther and show he cannot be compensated in damages. This he does not say cannot be done, merely adding after the specifications of the improvements "to great expense to the defendant, the value of which cannot now be accurately computed." This is not saying he cannot be compensated. The cases are rather exceptional in which damages can be "accurately computed."

"If the circumstances of the case are not such as to render reasonable compensation for what has been paid and done *impossible*, then compensation, instead of execution of the contract, is the duty which the law will enforce:" Postlethwait v. Frease et al., 31 Pa. 472, 474.

"Making improvements by the vendee, which cannot be compensated in damages, is declared to be an essential ingredient to take the case out of the statute of frauds. While this may be true as to parol *gifts* of land, in which the expenditure of money and labor in improving the property takes the place of a pecuniary consideration:" Jamison v. Dimock, 95 Pa. 52, 55.

This is said not to apply to a case of parol *sale* for a money consideration.

Rader *v.* Keiper.

"Where the property is clearly designated, exclusive possession taken and continued and improvements made of such a character as to render compensation impossible or difficult, the contract is not subject to the operation of the statute:" Caldwell *v.* Caldwell, 24 Pa. Superior Ct. 230, 232; Hyde-Murphy Co. *v.* Boyer, 229 Pa. 7; Allison *v.* Burns, 107 Pa. 50.

"The clearing and fencing land, the erection of farm buildings, the planting of an orchard—these are very common and familiar objects of valuation. . . . What his labour was worth beyond the fair rental of the place would be an easier question for a jury than many questions habitually committed to them:" McKowen *v.* McDonald, 43 Pa. 441, 444.

If clearing and fencing land and planting an orchard can be compensated, ordinary repairs to the buildings can be much more easily estimated and determined.

Apparently recognizing the weakness or want of title in himself under the parol gift of April 2, 1912, defendant in his plea sets up an entirely new and different claim, alleging "that on the third day of February, 1920, pending improvements to said land, the defendant said to the said James Keiper that he, the defendant, had no written title to said land, and the said James Keiper, in consideration of the improvements to be made at that time, executed and delivered to the defendant his, the said James Keiper's, will and testament." What improvements were made or to be made at that time as a consideration for the execution of the will we are not informed, nothing being described, except as already stated, as the consideration for the parol gift. There is no question that for a consideration a promise by a parent to devise land to a child, followed by the execution of such a will, vests an equitable title in the devisee. "Such an instrument is not revocable like an ordinary will, but is to be deemed a contract in writing, within the statute of frauds, sufficient to raise a legal duty which equity may treat as creative of an estate in the devisee:" Johnson et al. *v.* McCue et al., 34 Pa. 180.

"A paper in the form of a will, devising real estate expressly in consideration of, and as compensation for, specific services to be rendered by the devisee, may operate as a memorandum of a contract for the sale of land sufficient to comply with the statute of frauds, and as such be admissible in evidence during the lifetime of the testator:" Smith *v.* Tuit, 127 Pa. 341.

The part of the will set forth in the plea reads as follows:

"I devise to my son, Rufus Keiper and his wife, Mary, the farm situate in the township of Kidder, County of Carbon, on which they now reside, including all the land north of the brook, known as Bisbing's Run, that crosses the Tannery road between the said farm and the one now occupied by Albert Keiper; in fee simple." While to the portion of the will quoted objection might be made that the entire will should be recited, yet for present purposes we must assume that such a will was executed and contained this devise. It must be kept in mind, however, defendant relies for his title upon a parol gift to himself, and offers the will of his father (as far as pleadings show, still living) as a memorandum in writing sufficient to take the gift out of the bar of the statute. When we examine the will, we find a devise, not to the defendant, but to "my son, Rufus Keiper and his wife, Mary, the farm."

This does not support a gift of the land to the defendant in fee, but shows a devise to the defendant and his wife, Mary, as tenants by entireties; an entirely different and inconsistent title. Such a writing could not be offered in evidence to sustain a title to one of the devisees claiming under a parol gift from the devisor.

Rader v. Keiper.

"If an action be brought upon a parol contract for the sale of land by two, and the proof be that the contract was made but with one, the plaintiffs cannot recover:" Whitehead v. Carr, 5 Watts, 368.

As sustaining this principle, the following are cited in Wright v. Nulton, 219 Pa. 253:

"If the agreement is defective, and the letter refers to a different contract from that proved by the opposite party, the letter cannot be adduced as evidence of the contract set up. The letter must be taken altogether, and if it falsify the contract proved by the parol testimony, it will not take the case out of the statute:" 1 Sugden on Vendors and Purchasers (8th Am. ed., 1875), par. 207, page 261.

"In the first place, assuming that there is a completed oral contract, the note or memorandum must contain the terms of the contract as completed. If it tend to falsify the contract sued upon, as by showing conditions and stipulations that have not been made to appear, or if, referring to the contract, it annex conditions to it or otherwise make variations in it, it has no effect as a memorandum of the contract alleged. In short, where the plaintiff proposes to rely upon a written admission of the contract, with the defendant's signature, he must produce such a writing as will tend to prove and not disprove the existence of the contract alleged as a concluded agreement between the parties:" Browne on Statute of Frauds (5th ed., 1895), § 371a, page 262.

The Act of May 8, 1901, P. L. 142, limits the evidence to be received upon the trial to matters appearing in the pleadings. Were the case to be submitted to a jury, it would still be the duty of this court to determine whether the defendant, upon whom, in this case, rests the burden of proof, and no facts in dispute [had made out his case]. The pleadings show a legal title in the plaintiff, prima facie, entitling him to recover; defendant avers a prior parol gift forbidden by statute, possession taken and held for twelve years, not alleged to be exclusive, although essential; improvements made, not alleged to be permanent, which, added to the value of the land, for which the donee could not be reimbursed by profits derived from the occupation, and for which he could not be compensated in damages; a written memorandum in form of a will, devising the land to two persons as tenants by entireties, contradicting a prior parol gift to one in fee. Were these averments sustained by proper proof, we should still have to say to the jury, defendant had not established his claim of a parol gift, and, therefore, now conclude plaintiff is entitled to have judgment upon the pleadings entered in his favor.

The language of the court in McKowen v. McDonald, 43 Pa. 441, 444, is entirely applicable to the present pleading: "Such a case is fit for damages to the full value of the improvements, less a fair rental for the occupancy, but is not fit to be taken out of the operation of the statute of frauds and perjuries. The maintenance of that statute as a rule of property is a matter of great public concern. In upholding it with a firm hand, as we conceive it is our duty to do, we are sometimes grieved to be obliged to disappoint the expectations of a family; but when we reflect that the law does not suffer labor spent in improvements to go unrewarded, and that its demand for some note in writing to evidence a bargain for real estate is not an unreasonable or oppressive exaction. . . . ."

And now, March 24, 1925, the rule granted Nov. 10, 1924, is made absolute, and defendant's plea, answer and abstract are stricken from the record and judgment upon the pleadings entered in favor of the plaintiff, Harvey S. Rader, and against the defendant, Rufus Keiper, for the land described in the writ and declaration.      From Jacob C. Loose, Mauch Chunk, Pa.